IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2003

## IRA MILES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26631     Chris Craft, Judge**

_____

**No. W2003-00784-CCA-R3-PC  - Filed November 19, 2003**

_____

The Defendant, Ira Miles, brings this appeal from the trial court's denial of post-conviction relief. The Defendant pled guilty to especially aggravated robbery and received an agreed sentence of seventeen years to be served at one hundred percent.  In this appeal, he argues that he is entitled to post-conviction relief because he was denied the effective assistance of counsel during the course of his plea.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Juni Ganguli, Memphis, Tennessee, for the appellant, Ira Miles.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Pritchard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 4, 1999, the Defendant pled guilty to especially aggravated robbery and agreed to serve a fifteen-year sentence.  He subsequently filed a petition for post-conviction relief, in which he alleged that the guilty plea was coerced by his attorney and involuntary and that he did not understand the nature of the charge against him.  On January 29, 2001, the trial court granted the Defendant post-conviction relief because at the time of the guilty plea, Tennessee Rule of Criminal Procedure 11 was not substantially complied with; therefore, the Defendant's plea could not be deemed voluntary.  On remand, the trial court appointed Brett Stein, the attorney who represented the Defendant on his post-conviction proceeding.

On May 28, 2002, the Defendant again pled guilty to especially aggravated robbery and agreed to a seventeen-year sentence, which was to be served at one-hundred percent due to the Defendant's status as a violent offender. The Defendant thereafter filed a petition for post-conviction relief. After conducting an evidentiary hearing, the trial court denied the Defendant's petition. It is from the order of the trial court denying the Defendant post-conviction relief that he appeals.

The Defendant argues that he was denied the effective assistance of counsel while he was deciding whether to enter a guilty plea. Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. See Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks, 983 S.W.2d at 246.

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

We now briefly review the facts outlined by the district attorney general at the second plea acceptance hearing. On September 4, 1998, at about 6:30 p.m., the Defendant entered a service station. The attendant who was working recognized the Defendant as having been in the store on prior occasions. The Defendant waited around the market for approximately thirty minutes before demanding money and attacking the gas station attendant with a knife. The robbery was interrupted by a customer, and the victim was able to escape after suffering multiple stab wounds. The Defendant took money from the cash register and fled. He was observed leaving the gas station and going into nearby woods. The police located the Defendant some time later. In his pockets were blood-stained money and a knife case. No knife was found.

The Defendant told the police that he had been in the store, but he did not rob it. In fact, he said that he helped the wounded victim off the floor, which explained the presence of blood on his money. Witnesses who saw the Defendant leave the convenience store identified him as the man they saw.

The Defendant argues that his attorney was ineffective because he failed to adequately prepare for trial: he did not review the tape of the preliminary hearing or request a transcript of the preliminary hearing; he did not request the appointment of an investigator or any other expert; he did not subpoena defense witnesses; he failed to interview the victim or the State's witnesses; he did not prepare the Defendant to testify; he relied on discovery from the public defender's office; he did not request hearing dates on the pretrial motions he filed; he did not make an effort to suppress the victim's identification of the Defendant; he did not file a motion to have the Defendant's previous felony convictions ruled inadmissible; and he did not adequately communicate with the Defendant. The Defendant states in his brief that, while each of the above-enumerated complaints may not constitute the ineffective assistance of counsel, their cumulative effect creates a "reasonable probability that the outcome of the cases would have been different."

The Defendant's former attorney, Brett Stein, testified at the evidentiary hearing that he represented the Defendant with respect to his first post-conviction petition and his second guilty plea. After the trial court granted the Defendant's first post-conviction petition, Mr. Stein arranged for a psychiatric evaluation of the Defendant. In preparation for the Defendant's trial, Mr. Stein received a file from the public defender's office, which had previously represented the Defendant. He also testified that he had access to the State's file. Mr. Stein explained that he did not request the appointment of an investigator because he thought it was unnecessary, given the likely testimony of

the State's witnesses. Mr. Stein stated that, due to his prior work for the Defendant at the post-conviction stage, he was well-acquainted with the facts of the case and what the witnesses would say. When asked how much time he spent preparing for the Defendant's trial, Mr. Stein responded, "Three or four hours."

Mr. Stein filed a motion to suppress the statement that the Defendant gave to the police, and he predicted that, had the case gone to trial, the Defendant would have testified. Mr. Stein stated that he did not review what the Defendant would say; they simply discussed the facts of the case with the understanding that the Defendant must be truthful. If the Defendant had chosen to testify, Mr. Stein would have requested a hearing to determine whether his prior convictions were admissible. Mr. Stein admitted that he never spoke with the victim, but he explained that he learned everything the victim was going to say through discovery.

On cross-examination, Mr. Stein testified that the Defendant's theory was that he was drinking, smoking crack cocaine, and playing cards at a convenience store. When the victim made a homosexual advance toward him, the Defendant defended himself by stabbing the victim with a knife. The Defendant's position was that he committed an aggravated assault, but not with the intent to rob the victim.

The Defendant testified that Mr. Stein put a great deal of pressure on him to plead guilty. He also maintained that he was under the influence of several medications, which rendered his plea involuntary.[1]

The order of the trial court denying the Defendant post-conviction relief included extensive findings of fact regarding each of the Defendant's allegations. The trial court found that the proof did not support the Defendant's factual allegations and that the Defendant's guilty plea was knowing and voluntary. The evidence does not preponderate against the findings of the trial court.

The crux of the Defendant's ineffective assistance of counsel claim is that Mr. Stein failed to adequately prepare for the Defendant's trial. However, we conclude that the Defendant has not satisfied either prong of the Strickland test. First of all, the Defendant has failed to show that Mr. Stein made errors so serious that he was not functioning as counsel. Although the Defendant alleges that Mr. Stein was not sufficiently prepared for trial, it is obvious from the record that Mr. Stein understood the facts of the case and the Defendant's theory of what happened. Mr. Stein attempted to suppress the Defendant's statement to police. Furthermore, he requested a pre-trial psychiatric evaluation of the Defendant, following which the Defendant was declared competent to stand trial. Although Mr. Stein admitted that he did not personally attempt to interview the victim or the State's other witnesses, he was granted access to the State's file, and he knew the subject matter of the witnesses' testimony. Furthermore, the Defendant failed to demonstrate that anything would have

---

[1]While not raised as an issue on appeal, we note that the trial court determined that the Defendant's testimony that he was high on medication at the time of his plea was not credible, a finding to which this Court gives deference. See Momon, 18 S.W.3d at 156.

been gained by Mr. Stein personally interviewing the witnesses. Likewise, the Defendant failed to show how Mr. Stein's failure to request the appointment of an investigator or other expert worked to his detriment. The Defendant also complains that Mr. Stein did not subpoena any witnesses, but these witnesses did not testify at the evidentiary hearing. The Defendant simply stated that they would have explained that the money the police found on him was from a check he cashed.

Second, the Defendant failed to show a reasonable probability that, but for Mr. Stein's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. He did not testify that he would have insisted on going to trial, and he fails to allege such in his brief. Therefore, the Defendant has failed to show that Mr. Stein committed serious errors as his attorney or that, but for the errors, he would not have pleaded guilty. Accordingly, this issue is without merit.

The trial court's denial of the Defendant's petition for post-conviction relief is affirmed.

_____
DAVID H. WELLES, JUDGE